**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WILLIE J. MOORE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1148-JWL |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).[1] Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.     Background**

Plaintiff applied for DIB, alleging disability beginning December 31, 2008. (R. 33, 129). Plaintiff exhausted proceedings before the Commissioner, and now seeks

---

[1]In his Brief, Plaintiff also argues that the evidence does not support the decision that Plaintiff is not entitled to disability benefits under Title XVI of the Act. (Pl. Br. 2). However, as the Commissioner points out, Plaintiff did not apply for Supplemental Security Income (SSI) benefits pursuant to Title XVI. Moreover, the decision at issue is based only upon consideration pursuant to Title II of the Act. (R. 33-39).

judicial review of the final decision denying benefits.  He argues that remand is necessary because the Appeals Council erroneously rejected new, material, and chronologically relevant evidence which was submitted after the ALJ's decision, which related to the time period before the ALJ made his decision, and which if properly considered would corroborate Plaintiff's alleged disability onset date.  The Commissioner argues that the Appeals Council properly determined that the new evidence does not pertain to the relevant time period and rejected it.  The court finds no error in the Appeals Council's rejection of Plaintiff's newly-submitted evidence.

The court's review is guided by the Act.  <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009).  The Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence and whether he applied the correct legal standard.  <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007); <u>accord</u>, <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>see also</u>, <u>Wall</u>, 561 F.3d at 1052; <u>Gossett v. Bowen</u>, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.     Discussion

The ALJ determined that Plaintiff's date last insured for disability insurance benefits was June 30, 2010 and that before that date he had the medically determinable impairment of bipolar disorder.  (R. 35).  He determined at step two of the sequential evaluation process that Plaintiff had not met his burden to show that he had an impairment or combination of impairments that was severe within the meaning of the Act.  (R. 35-38).  Consequently, the ALJ determined that Plaintiff was not disabled at any time after his alleged onset date of December 31, 2008 through his date last insured, June 30, 2010, and he denied Plaintiff's application for benefits.  (R. 39).

Plaintiff disagreed with the decision, and sought Appeals Council review.  (R. 27-29).  He provided additional evidence to the Appeals Council along with a Brief from his attorney arguing that the additional evidence, when considered properly in light of Social

Security Ruling (SSR) 93-10[2] would establish onset of disability before Plaintiff's date last insured. (R. 245-49). The additional evidence consisted of MRI reports of the right shoulder and cervical spine which were new evidence (R. 6-8), and treatment records from Comcare of Sedgwick County, most of which were duplicates contained elsewhere in the administrative record before the ALJ. Compare (R. 9-26) with (R. 282-314). The Appeals Council accepted counsel's Brief, made it a part of the administrative record (R. 4), and considered it when deciding whether to review the ALJ's decision. (R. 1-2). It "found that this information does not provide a basis for changing the Administrative Law Judge's decision" (R. 2), and denied Plaintiff's request for review. (R. 1). However, in considering the "additional evidence," the council rejected it and did not make it a part of the administrative record:

> We also looked at medical records from Paul J. Hutsey, M.D., dated November 4, 2011. The Administrative Law Judge decided your case through June 30, 2010, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.

(R. 2).

### A.   **Arguments**

---

[2]The court is unable to locate a Social Security Ruling (or a Social Security Letter Ruling, as Plaintiff sometime called it) 93-10. However, in searching for the language quoted by counsel and attributed to SSR 93-10, the court was able to identify SSR 83-20 as the likely source of Plaintiff's argument. SSR 83-20, Titles II and XVI: Onset of Disability, 1983 WL 31249.

Citing 20 C.F.R. § 404.970(b)[3], Plaintiff argues that the new evidence should not have been rejected because it was dated in November 2011 and therefore related to the period before the date of the ALJ's decision--August 26, 2013. (Pl. Br. 16). He argues that this case "boils down to whether the Appeals Council should have considered the additional evidence" in deciding whether to review the ALJ's decision. Id. at 17. Plaintiff answers that question in the affirmative, arguing that the additional evidence is new, material, and chronologically relevant. He argues it is new because there were no MRI's in the record at the time of the ALJ's decision, it is material because "it raises questions about whether the ALJ's decision was supported by substantial evidence," id. at 18, and it is chronologically relevant because it "relates to the time period before the ALJ's decision." Id. at 20. Plaintiff argues that the MRI's, if considered by a medical expert, "could properly establish an earlier onset date defining disability leading back to the date last insured of June 30, 2010, as [Plaintiff's] cervical spinal condition and shoulder condition evolved over time and even though such conditions may or may not have met a listing level argument back to June 30, 2010, it would certainly anchor an award through the realistic reflection of the condition." Id. at 21.

The Commissioner argues that the ALJ properly determined that the new evidence does not establish disability before June 30, 2010 or provide a basis to change the ALJ's

---

[3]Plaintiff actually cited 20 C.F.R. § 416.1470(b) (Pl. Br. 17), but that regulation relates only to decisions regarding SSI benefits pursuant to Title XVI. This case relates only to a DIB application pursuant to Title II. 20 C.F.R. § 404.970(b) is the controlling regulation in such a case, and is identical in every relevant respect to § 416.1470(b).

decision.  She notes that Plaintiff originally claimed disability solely from mental impairments, that the MRI's were taken nearly a year and a half after Plaintiff's date last insured, and that they do not establish severe physical impairments, much less that Plaintiff had disabling physical impairments before June 30, 2010.  (Comm'r Br. 6-7).

**B.     Analysis**

The court finds no error in the Appeals Council's rejection of the new evidence presented to it.  As Plaintiff suggests, 20 C.F.R. § 404.970(b) "specifically requires the Appeals Council to consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.'"  Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003) (quoting Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995)).  If the additional evidence qualifies, it becomes a part of the administrative record and the Appeals Council must consider it in deciding a request for review.  Id.  If the evidence qualifies and the Appeals Council fails to consider it, the case should be remanded.  Id.  Therefore, as Plaintiff so succinctly put it, this case "boils down to whether the Appeals Council should have considered the additional evidence" in deciding whether to review the ALJ's decision.  (Pl. Br. 17).

Whether the evidence qualifies as new, material, and chronologically relevant is a question of law subject to the court's de novo review.  Threet, 353 F.3d at 1191.  Evidence is new if it is not duplicative or cumulative.  Id.  The MRI's submitted by Plaintiff in this case qualify as "new" evidence because the record does not contain MRI's

related to Plaintiff's shoulder or cervical spine. But, the Comcare medical records submitted to the Appeals Council are cumulative of the Comcare records in Exhibit 6F which were before the ALJ, and consequently do not qualify as new evidence. Therefore, it was not error for the ALJ to reject the Comcare records presented to it. The court will not further address those records. However, the MRI's meet the first criterion, and the court must determine whether they also qualify as material and chronologically relevant.

"Evidence is material to the determination of disability 'if there is a reasonable possibility that [it] would have changed the outcome.'" Threet, 353 F.3d at 1191 (quoting Wilkins v. Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991)). "Plaintiff contends that the evidence is material because it raises questions about whether the ALJ's decision was supported by substantial evidence," and "that the severity of his back and shoulder condition could be discerned to have been of extensive disabling evolution in time reaching back to the time prior to June 30, 2010 and thus enabling the establishment of an earlier onset date prior to the lapse of eligibility for disability be[ne]fits." (Pl. Br. 18).

The court finds that the MRI's of Plaintiff's shoulder and cervical spine are not material to the decision in this case because there is not a reasonable possibility that they would have changed the outcome. Contrary to Plaintiff's assertion, the MRI's do not raise questions whether the decision was supported by substantial evidence. The ALJ found that Plaintiff had not met his burden to show that he had an impairment or combination of impairments that was severe within the meaning of the Act because he did

not show any impairment that significantly limited his ability to perform basic work related activities. The MRI's do not call that finding into question. Although it might be argued that the MRI's show medically determinable impairments, they do not suggest <u>any</u> functional limitations resulting from those impairments and therefore do not show a severe impairment.

Moreover, although Plaintiff argues that "the severity of his back and shoulder condition <u>could</u> be discerned to have been of extensive disabling evolution in time reaching back to the time prior to June 30, 2010 and thus enabling the establishment of an earlier onset date prior to the lapse of eligibility for disability be[ne]fits" (Pl. Br. 18) (emphasis added), that assertion is based upon a potential evaluation of the MRI's by a medical expert, and upon that expert's potential opinion that the MRI's demonstrate severe limitations relating back before Plaintiff's date last insured. However, there is simply no record evidence to that effect. Plaintiff does not even present evidence that the MRI's might support his argument. As the ALJ found, there is no medical evidence regarding Plaintiff's condition prior to his date last insured. As the Appeals Council found, the MRI's are dated November 4, 2011 which is after Plaintiff's date last insured. Moreover, there is no evidence or opinion suggesting that the MRI's relate back to the time before Plaintiff's date last insured. Consequently, there is no reasonable possibility that the decision would be different if the Appeals Council had accepted the MRI's, and the court finds that the MRI's do not qualify as evidence which is material to the decision at issue here.

Therefore, it is irrelevant whether the MRI's are chronologically relevant to the time period on or before the ALJ's decision on August 26, 2013.  Plaintiff has shown no error in the Appeals Council's decision to reject the additional evidence presented to it.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 15th day of May 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**